UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS TOUPONCE,            )
               Plaintiff    )
                             )
                             )
        v.                )   Civil Action No. 08-30049-KPN
                             )
                             )
                             )
TOWN OF LEE, et al.,        )
               Defendants  )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Document No. 31)
December 23, 2009

NEIMAN, U.S.M.J.

      Currently before the court is Defendants' motion for summary judgment. Because the parties are intimately familiar with their respective arguments -- which were explored in depth in their memoranda and at yesterday's oral argument -- and in light of the impending dates for the final pretrial conference (January 5, 2010) and trial (January 11, 2010), the court presents this memorandum and order in summary fashion. The court reserves the right to alter and/or expand upon this decision prior to the start of trial.

      **Preliminary Concessions:** At the outset, the court notes that Thomas Touponce (hereinafter "Plaintiff"), in his memorandum of law, conceded to the entry of summary judgment in favor of the Planning Board of the Town of Lee, Martin Deeley, David Durante, Thomas Swift, Aldo Pascucci, and Anthony Caropreso. Accordingly, Defendants' motion will be allowed with regard to all claims against those defendants.

At the start of oral argument, therefore, only three defendants remained, the Town of Lee ("the Town"), Donald Torrico ("Torrico"), and Gordon Bailey ("Bailey") (hereinafter "Defendants").  As a result, the court will consider Plaintiff's eight causes of action with respect to these three Defendants only, as further limited in Plaintiff's memorandum of law, as follows:

Count I:     42 U.S.C. § 1983 vs. Torrico

Count II:    42 U.S.C. § 1983 vs. the Town and Bailey

Count III:   42 U.S.C. § 1983 vs. the Town and Bailey

Count IV:    Malicious Prosecution vs. Torrico

Count V:     Abuse of Process vs. Torrico

Count VI:    Tortious Interference with Advantageous Business Relations vs. Torrico and Bailey

Count VII:   Massachusetts Civil Rights Act ("MLCA") vs. Torrico and Bailey

Count VIII:  Massachusetts Declaration of Rights vs. the Town, Torrico and Bailey

**BAILEY:**  Before further considering each cause of action, however, the court will enter summary judgment in favor of Bailey.  At oral argument, it became clear that Bailey, Chairman of the Town's Select Board, had been sued simply as a representative of the Town.  Thus, there is no need for Plaintiff to maintain Counts II, III and VIII against both Bailey and the Town.  As to Count VI (tortious interference with advantageous business relations) and Count VII (MCRA), in which Bailey is also named, there has been no evidence presented that he acted with an "improper

purpose" or via "improper means" (Count VI) or that he utilized "threats, intimidation, or coercion" (Count VII). Defendants' motion will be allowed accordingly.

**COUNT I:** It is clear from the parties' summary judgment arguments that Count I has been construed, and will be so limited, as Plaintiff's "selective treatment" equal protection claim targeting Torrico. As so limited, Count I will survive, although the court reserves the right to limit Plaintiff's claims further, as to each of his various properties, with respect to his assertion that Torrico treated him differently than others similarly-situated.

**COUNT II:** Count II has been construed, and will be so limited, as Plaintiff's "custom and policy" equal protection claim against the Town itself and will survive as such, but in part only. For the reasons described in Defendants' memorandum of law, the court will grant their motion as to Count II with respect to Plaintiff's "warrantless entry" claim prior to March 12, 2005, and any claim based on negligence. As to the remaining aspects of Count II, Plaintiff will have to demonstrate that Torrico was, in each instance involving Plaintiff, the Town's "*de facto*" policymaker.

**COUNT III:** The court concludes, essentially for the reasons explained in Defendants' memorandum of law and at oral argument, that Count III duplicates Count II. Hence, summary judgment will enter in Defendants' favor with respect to that count.

**COUNTS IV and V:** The malicious prosecution and abuse of process claims targeting Torrico will be limited to his bringing the "Meadow Street" Housing Court action (docket no. 05-CV-00428) against Plaintiff in 2005. For the reasons described in Defendants' memorandum of law, the "Silver Street" Housing Court action (docket no.

04-CV-00274) is time-barred and Plaintiff has abandoned challenging any criminal aspect of that prior lawsuit.

To be sure, Defendants assert that summary judgment as to Counts IV and V should also enter with regard to the "Meadow Street" Housing Court action since it (1) was technically brought by the Town, not Torrico, and (2) involved an injunction. The court, however, is not now prepared to dismiss these claims on those grounds.

**COUNT VI:** Torrico will remain as the sole defendant in Count VI, Plaintiff's claim of tortious interference with advantageous business relations. Prior to and/or during trial, however, the court may limit the factual scenarios upon which this claim may be based.

**COUNT VII:** For now, this MCRA claim targeting Torrico will also survive given Torrico's statement to Plaintiff's tenant which, arguably, may be construed as a "threat" or "coercion." Again, however, the court reserves the right to revisit this issue.

**COUNT VIII:** Finally, Count VIII, Plaintiff's Massachusetts Declaration of Rights claim, will be construed solely as the state analogue to Counts I and II, Plaintiff's section 1983 equal protection claims targeting Torrico and the Town. For the reasons described in Defendants' memorandum of law and at oral argument, Plaintiff is precluded from attempting to morph Count VIII (or any other claim for that matter) into a due process or takings cause of action.

### CONCLUSION

For the reasons stated and in the manner described above, Defendants' motion for summary judgment is ALLOWED in part and DENIED in part. As a result, only the

following claims presently remain for trial:

> (1)  Count I, construed as a section 1983 "selective treatment" equal protection claim against Torrico;
>
> (2) Count II, construed as a section 1983 "custom and policy" equal protection claim against the Town (but not insofar as Plaintiff is making a "warrantless entry" claim prior to March 12, 2005, or any claim based on negligence);
>
> (3)  Count IV, construed as a malicious prosecution claim against Torrico with regard to the Meadow Street property;
>
> (4)  Count V, construed as an abuse of process claim against Torrico with regard to the Meadow Street property;
>
> (5)  Count VI, construed as a tortious interference with advantageous business relations claim against Torrico;
>
> (6)  Count VII, construed as an MCRA claim against Torrico; and
>
> (7)  Count VIII, construed as a Massachusetts Declaration of Rights equal protection claim against Torrico and the Town.

IT IS SO ORDERED.

DATED:   December 23, 2009

   /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge